IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,792-01






EX PARTE CHARLES GORDON LEBLANC, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. D030039AR IN THE 260TH JUDICIAL DISTRICT COURT
OF ORANGE COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of murder, and punishment was assessed at life confinement. Applicant's
conviction was affirmed on appeal. LeBlanc v. State No. 10-03-00120-CR (Tex. App. --El
Paso, delivered August 18, 2004, pet. ref'd).

 Applicant contends inter alia that he was denied the effective assistance of trial
counsel. He alleges that counsel was ineffective for failing to move to suppress or objecting
to the introduction of an "enhanced" recording and transcript of a conversation between
Applicant and his friend, who Applicant alleges was a co-conspirator. Applicant also alleges
that counsel was ineffective for failing to ask that the jury be instructed about the
requirement of corroboration for accomplice-witness testimony. Applicant also alleges that
defense counsel violated his right not to self-incriminate and destroyed the presumption of
innocence during opening statements, by telling the jury that Applicant would testify to his
participation in the offense.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from trial counsel, or it may order a hearing. In the
appropriate case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact,
first as to whether trial counsel filed a motion to suppress evidence prior to trial, or objected
to the introduction of the recorded conversation between Applicant and Henry Willis. If
counsel did object to the introduction of the evidence, in the form of the original
microcassette recording, the "enhanced" compact disc recording, or the transcript of the
conversation, the trial court shall make findings as to what the objection was, what the trial
court's ruling on any such objection was, and whether counsel pursued any such objection
to an adverse ruling. If no motion to suppress was filed, and no objections were made, the
trial court shall make findings as to whether these failures were based on reasonable trial
strategy, and if so what that strategy was. 

 Second, the trial court shall make findings as to whether counsel requested that the
jury be instructed that a conviction could not be had on the testimony of an accomplice
witness absent corroboration. If such an instruction was requested and denied, the trial court
shall make findings as to the basis for the refusal. If no such instruction was requested, the
court shall make findings as to whether there was evidence indicating that Henry Willis was
an accomplice to this offense. If there was such evidence, but trial counsel did not request
an accomplice-witness instruction, the trial court shall make findings as to why counsel did
not request such an instruction. 

 Third, the trial court shall make findings as to whether counsel told the jury during
opening statements that Applicant would testify that he participated in the charged offense. 
If counsel did make such statements, the court shall make findings as to whether the defense
strategy depended upon Applicant's testimony, and as to whether Applicant had
unequivocally decided to testify on his own behalf. The trial court should also make any
further findings of fact and conclusions of law it deems relevant and appropriate to the
disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 13th DAY OF SEPTEMBER, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.